UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

David Hardy #159525,

        Plaintiff,                 Case No. 2:09-cv-259

v.                                     Honorable R. Allan Edgar

Amanda Winnicki, et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.  Factual allegations

Plaintiff David Hardy #159525, an inmate at the Chippewa Correctional Facility (URF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Librarian Amanda Winnicki, Corrections Officer Unknown Hofbauer, Corrections Officer Unknown Gilroy, Corrections Officer Unknown Fitzpatrick, Warden Greg McQuiggin, Hearing Investigator Unknown Hassel, Hearing Officer Unknown Theut, Assistant Deputy Warden J. Andrzejak, Resident Unit Manager D. Mansfield, Assistant Deputy Warden Jacqueline Nadeau, Hearing Officer Unknown O'Brien, Resident Unit Officer Unknown Volz, Corrections Officer Unknown Goetz, Resident Unit Officer Unknown Ortiz, Resident Unit Officer Unknown Postma, Resident Unit Officer Joanie LePlanc, Resident Unit Officer Unknown Shaatan, Resident Unit Officer Unknown Bush, Resident Unit Officer Unknown Taylor, Resident Unit Officer Unknown Dykstra, Hearings Administrator Richard Stephens, MDOC Director Patricia Caruso, Resident Unit Officer Unknown Donaghe, and Resident Unit Officer Unknown Mapes.

Plaintiff alleges in his complaint that he was given a false misconduct for assault and battery on staff and disobeying a direct order on December 13, 2008. Plaintiff states that he was found guilty of the misconduct, which caused him to be placed in administrative segregation. In addition, Plaintiff claims that Defendants Donaghe, Mapes and Hofbauer have all called Plaintiff racial epithets and other disparaging remarks and have "incited other inmates to torture Plaintiff" by calling him a rapist. Plaintiff claims to have suffered physical, emotional and psychological harm as a result. Plaintiff claims that Defendants violated his rights under the Eighth and Fourteenth Amendments and seeks damages and equitable relief.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify

the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that his major misconduct conviction and subsequent placement in administrative segregation violated his rights under the Fourteenth Amendment. Under Michigan law a prisoner is entitled to notice of a hearing, and the opportunity to present evidence and arguments. M.C.L. § 791.252. A hearing officer is not bound by state or federal evidentiary rules, but rather may consider "evidence of the type commonly relied upon by reasonably prudent persons in the conduct of their affairs." *Id.* Further, a hearing officer may deny a prisoner access to evidence that may pose a security concern if disclosed. *Id.* Plaintiff has failed to show that his constitutional rights were violated at his misconduct hearing.

Moreover, the hearing officer's conclusion that Plaintiff was guilty of the misconduct charge was supported by the record. In the reasons for finding, the Hearing Officer stated:

> Assault and Battery: the video does support the charge and is marked confidential so that the capabilities of the camera are not known because if they were it would compromise the security of the institution. On 12-13-08 at 0738 hrs prisoner Hardy reached into the Library office and struck A. Winnicki's right hand with his open hand. I find that this was an intentional non-consensual touching with the purpose to abuse or injure. Prisoner hardy [sic] is not believed in his statement that he did not touch her because A. Winnicki observed and felt prisoner Hardy's hand strike here with his open hand and was identified by his i.d. card. A. Winnicki is clear and detailed in her statements and found credible. The charge is upheld.
>
> DDO: Prisoner Hardy was given a direct and reasonable order by the reporting staff on 12-13-08 at 0738 hrs. The order was to stop and give me your ID card. Prisoner Hardy heard and understood the order and continued to walk down the hall fast. Prisoner hardy [sic] voluntarily failed to follow the order and did not stop and give the reporting staff member his ID card. A. Winnicki and officer Driedric are clear and detailed in their statement and found credible. The charge is upheld.

(*See* Plaintiff's Exhibit X34, attached to his complaint.)

It is clear that Plaintiff received due process of law, and that he cannot support any claim that his constitutional rights were violated during the misconduct hearing. Prison inmates subject to serious disciplinary action are entitled to (1) 24 hours advance written notice of the charges; (2) an opportunity to appear at a hearing, to call witnesses, and present rebuttal evidence when permitting the inmate to do so will not be unduly hazardous to institutional safety; and (3) a written statement by the factfinders as to the evidence relied upon for their decision which includes a statement as to the reasons for the decision. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). If the prisoner received these procedural protections, and if there were "some facts" to support the decision of the hearings officer, then the prisoner received all the process to which he was due. *Superintendent of Massachusetts Institute, Walpole v. Hill*, 472 U.S. 445 (1985). Plaintiff has failed to show that his constitutional rights were denied.

Plaintiff also claims that his Eighth Amendment rights were violated because some of the Defendants used racial epithets and other disparaging remarks towards Plaintiff. Plaintiff contends that this caused him to be a target for other prisoners. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only

concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

As noted above, Plaintiff claims that the verbal harassment was an attempt to make him a target for other inmates. However, Plaintiff fails to state that he was actually attacked or harmed as a result of the alleged verbal harassment. Nor does Plaintiff explain why the remarks of prison officials would cause him to be targeted by other prisoners. Use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds,* No. No. 02-6366, 2003 WL 22097827, at *3 (6th Cir. Sept. 5, 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997)(verbal harassment is insufficient to state a claim); *Murray v. United States Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged statements, the Eighth Amendment does not afford us the power to correct every action, statement or attitude of a prison official with which we might disagree."); *Clark v. Turner*, No. 96-3265, 1996 WL 721798, at *2 (6th Cir. Dec. 13, 1996) ("Verbal harassment and idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights."); *Brown v. Toombs*, No. 92-1756, 1993 WL 11882 (6th Cir. Jan. 21, 1993) ("Brown's allegation that a corrections officer used derogatory language and insulting racial epithets

is insufficient to support his claim under the Eighth Amendment."). Accordingly, Plaintiff fails to state an Eighth Amendment claim arising from the alleged verbal abuse.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:     1/7/2010                    */s/ R. Allan Edgar*
                                       R. ALLAN EDGAR
                                       UNITED STATES DISTRICT JUDGE